NicholsoN, C. J.,
delivered the opinion of the court.
In 1871, N. W. Byrn died in Humphreys County, and C. B. Scott administered on his estate, and proceeded to suggest its insolvency, and to have the same settled under our insolvent laws.
He and the heirs of Byrn filed this bill for the *701 benefit of tbe creditors, against M. S. Fowlkes, alleging that, in 1866, Byrn conveyed two tracts of land to Fowlkes, to secure the payment of certain sums advanced and loaned to Byrn by Fowlkes, Byrn remaining in possession and making valuable improvements until his death, and that in the years 1868, 1869, 1870, and 1871, he paid Fowlkes large amounts,, and at his death, in 1871, he had paid all the debts except about $900.
The specific prayer of the bill is, that ' the deeds be declared mortgages, and foreclosed to satisfy the balance due Fowlkes. There is also a prayer for general relief.
The bill was filed in November, 1873.
Fowlkes .filed two pleas in December, 1873.
The first is an estoppel by record in this, that in 1867 Byrn made application to the Federal court as a voluntary bankrupt, and in his petition and schedule, and also in his final petition for discharge, he made oath that he had surrendered all of his estate of every kind not exempted by law, and that neither in his petition nor in his schedules did he include any claim to, or interest in, the lands described in the bill; and the record of the proceedings in bankruptcy, including the final discharge, is relied on as an estop-pel of record against the' claim and interest now set up to the lands by his administrator and heirs.
The record plea is in bar, and relies upon the same proceedings, to show that upon filing his petition in bankruptcy ■ and being declared a bankrupt, all the right, title, and interest, of Byrn to and in *702 the lands passed from him, and were vested in bis assignee in bankruptcy, and therefore that the complainants have no right to sue therefor.
Upon argument as to the sufficiency of the pleas, Chancellor Nixon held them sufficient; and upon the hearing of the case upon the pleas and upon proof, he sustained them and dismissed the complainant’s bill, but without prejudice, from which decree the complainants have appealed.
Without determining whether the first plea is sufficient in form and substance as an estoppel of record, or whether it is not more properly evidence to be looked to in determining whether the complainants have any right to sue, we are satisfied that the record plea is sufficient in form and in substance, and that the Chancellor held correctly, that upon the proceedings in bankruptcy, all the right, title, and interest, of Byrn to and in the lands in controversy were vested in his assignee in bankruptcy, and consequently that there is no such title or interest in his administrator or his heirs as will enable them to maintain the bill for the specific relief prayed for.
But it is alleged in the bill that large payments were made by Byrn after he was declared a bankrupt, during the years 1868, 1869, 1870, and 1871, which were received by Fowlkes as payments on the debts originally secured by the deeds.
It is obvious that these payments are referred to in the bill as evidence that the parties regarded the original transactions as mortgages, and that Byrn had the right by these payments to redeem the land from *703 Eowlkes, and in support of the prayer for specific relief.
But we have seen that in consequence of the bankrupt proceedings the complainants are debarred from any right to the specific relief.
The question then is, whether, under their prayer for general relief, they are entitled to a decree for the money paid to Fowlkes by Byrn after being declared a bankrupt.
Of course, the assignee in bankruptcy has no claim to this money.
It was paid in discharge of the mortgage debt under the supposition that' Byrn still liad the right of redemption. But as the money could not be so applied, it follows that Fowlkes held it in trust for Byrn.
It is said, however, that the recovery of the money so paid was not the object and purpose of the bill. That is true in one sense; that is, the object of the bill was to have these payments applied in discharge of Fowlkes’s lien on the land, and in that way to reach the land. But it was clearly the object to have the benefit of these payments, and as this could not be effected by reaching the land, the recovery of the money so illegally received and held by Fowlkes falls legitimately within the prayer for general relief.
The case of Bartee v. Tompkins, 4 Sneed, 623, and that of Dodd v. Benthal, 4 Heis., 601, are conclusive of this question.
We are, therefore, of opinion that, upon sustaining the pleas as sufficient so far as they barred the com *704 plain ants’ right to the specific relief prayed for, it was error to dismiss the whole bill. It should have been retained as to the payments alleged to have been made by Byrn after his bankruptcy was declared.
The decree will be reversed, and the case remanded to be further proceeded in as herein indicated.
The costs of this court will be equally divided.